United States District Court
Southern District of Texas
**ENTERED**
November 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD D. MILLER, § | |
| TDCJ # 01363363 § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-24-2879 |
| § | |
| BRYAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

Edward D. Miller, an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), is currently housed at the McConnell Unit. He has filed a prisoner's civil-rights complaint under 42 U.S.C. § 1983, suing: (1) Bryan Collier, TDCJ's Executive Director; (2) J. Pope, the assistant warden at the Michael Unit; and (3) J. Back, a grievance investigator in Huntsville. (Docket Entry No. 1). He has also filed a more definite statement about his claims. (Docket Entry No. 9). Miller represents himself and has been granted leave to proceed without prepaying the filing fee.

After screening the pleadings under 28 U.S.C. §§ 1915(e)(2) and 1915A, the court concludes that this case must be dismissed. The reasons are set out below.

**I.    Background**

On April 7, 2023, Miller was transferred from the Michael Unit to the Beto Unit. (Docket Entry No. 1 at 4). Miller brought five bags of property with him, but he was allowed only one bag of property on the bus transporting him to the Beto Unit. (*Id.*). He was later separated from his property. He was told that his property would be inventoried and that the one bag he had carried on the bus would be placed in the cargo hold area of the bus. (*Id.*). When Miller arrived at the

Beto Unit, he was given the bag kept in the cargo hold. He alleges that the bag was missing the electronics, shoes, and food that had been there before the bus trip. (*Id.*). The receiving officer told Miller that his "property would be shipped to [him] soon." (*Id.*). Miller received the property that was contained in the four other bags on June 14, 2023. (*Id.* at 6). When Miller realized that he was missing some of his property,[1] he was instructed to file a grievance. (*Id.* at 7). Miller filed a Step 1 grievance on June 20, 2023. (*Id.*).

Miller received an answer to the grievance from Assistant Warden Pope on February 21, 2024. (*Id.*). Assistant Warden Pope "acknowledged TDCJ's fault in the loss of [Miller's] property" but offered less money than the amount that Miller believed the lost items were worth. (*See id.* at 3, 6). Pope also refused to replace Miller's typewriter because it was over ten years old. However, Miller asserts that the typewriter was not over ten years old and that he had purchased it on February 5, 2021. (*Id.* at 6). Pope also refused to replace Miller's Nike AirMax tennis shoes because Miller did not provide a receipt for the shoes. (*Id.*).

Miller filed a Step 2 grievance. (*Id.* at 7). Grievance investigator Back replied, stating that "an investigation had been conducted and upon further review of records an inventory completed on 4-7-23 shows [Miller] signed Section III-A agreeing to the inventory and there was no electronics or food and the shoes left with [Miller]." (*Id.*; *see also* Docket Entry No. 9 at 2–3). Miller claims that Back did not conduct a "proper investigation" into his claim. (Docket Entry No. 1 at 3, 6). Miller wrote a "detailed complaint" to Collier on June 25, 2024, but "nothing was done." (*Id.* at 7).

---

[1] It is not clear from the pleadings whether the missing property consisted of the "electronics, shoes, and food" that were in Miller's carryon bag, or whether property was missing from the four bags that arrived on June 14, 2023. (*See* Docket Entry No. 1 at 3–4, 6).

As relief, Miller seeks replacement of the lost items or reimbursement for the cost of replacing them. (*Id.* at 4).

## II. The Standard of Review

Because Miller is an inmate who has been granted leave to proceed without prepayment of the filing fee, the Prison Litigation Reform Act requires the court to scrutinize the pleadings. The court must dismiss any part of the case that it determines is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) for failure to state a claim is governed by the standard that applies to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019); *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). In deciding whether the plaintiff's claim must be dismissed, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the court is mindful that Miller represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551

3

U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a self-represented plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. Discussion

Miller alleges that the defendant state employees violated his constitutional rights. "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States . . . ." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (*quoting Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) he has been deprived of a right secured by the Constitution or of federal law, and (2) the violation was committed by someone acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).

#### A. The Claims Against Assistant Warden J. Pope

Miller alleges that some of his property went missing while he was being transferred between units and that Assistant Warden Pope refused to replace the items or pay Miller the amount Miller believes the items are worth. Miller does not sue the TDCJ officers who allegedly

lost his property; instead, he sues Pope based on his dissatisfaction with how Pope responded to his Step 1 grievance.

This claim fails to state a claim on which relief may be granted because there is no constitutionally protected right to a particular response to a prison grievance. The fact that a grievance or complaint was not investigated or resolved to an inmate's satisfaction does not implicate constitutionally protected rights. *See Schwarzer v. Wainright*, 810 F. App'x 358, 360 (5th Cir. 2020) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that prisoners do not have a federally protected liberty interest in having grievances resolved to their satisfaction); *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (affirming the trial court's dismissal of an inmate's claim that his grievances were mishandled or improperly denied, because prisoners have no due-process rights in the inmate grievance process); *Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017) ("[I]t is well established that prisoners have no due process rights in the inmate grievance process.") (citation omitted); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that a plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances); *Edmond v. Martin*, 100 F.3d 952, 1996 WL 625331, at *1 (5th Cir. 1996) (per curiam) (holding that an inmate's claim that the defendant's failure to investigate his grievance "raises no constitutional issue") (citation omitted).[2]

---

[2] Moreover, any claim against a TDCJ officer for losing Miller's property would likely be subject to dismissal because an allegation that a state official or employee negligently damaged or lost a citizen's property does not state a claim for a violation of a constitutional right. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Intentional damage, loss, or theft by a state official or employee will support a claim for a constitutional violation only if no meaningful post-deprivation remedy for the loss is available under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas provides a post-deprivation remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) ("In Texas . . . the tort of conversion fulfills [the post-deprivation remedy] requirement."); *Washington v. Collier*, 747 F. App'x 221, 222 (5th Cir. 2018) (per curiam); Tex. Gov't Code § 501.007.

Miller's claim against Assistant Warden J. Pope is dismissed under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief can be granted.

### B.     The Claims Against Grievance Investigator J. Back

Miller claims that Back did not properly investigate his Step 2 grievance. This claim fails for the same reason that the claim against Pope fails—there is no constitutionally protected right to a prison grievance system, and the fact that a grievance or complaint was not investigated or resolved to an inmate's satisfaction does not implicate constitutionally protected rights. *See Schwarzer*, 810 F. App'x at 360 (citing *Sandin*, 515 U.S. at 484); *Geiger*, 404 F.3d at 374; *Alexander.*, 951 F.3d at 240; *Grogan*, 873 F.3d at 280; *Mahogany*, 252 F. App'x at 595; *Edmond*, 1996 WL 625331, at *1.

To the extent Miller is claiming that Back failed to follow a TDCJ procedure or policy on responding to grievances or claims of lost property, this allegation fails to state a claim for relief because "a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right." *Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017); *see also McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012).

Miller's claims against Back are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state claim on which relief may be granted.

### C.     The Claims Against Executive Director Bryan Collier

In the court's order for a more definite statement, the court ordered Miller to briefly describe Collier's personal involvement in the constitutional violations that form the basis of his claims. (*See* Docket Entry No. 8). In response, Miller replied:

> Bryan Collier is the Director of TDCJ and on 6-25-24 I wrote him a detailed letter explaining how his agency was responsible for the loss of $618.00 of my personal

> property.  Giving him the opportunity to investigate and correct this injustice.  He failed to investigate and respond to my complaint.

(Docket Entry No. 9 at 2).

As a supervisory official, Collier is not liable under § 1983 for the actions of subordinates "on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (citations omitted).  "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. Deep E. Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (quoting *Thompkins*, 828 F.2d at 304); *see also Southard v. Tex. Bd. of Crim. Just.*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor.").  Thus, "[a] supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citation omitted).

Miller does not plead facts showing that Collier was personally involved in the factual allegations made the basis of this lawsuit.  Simply because Collier may have received or read a letter Miller sent to him does not establish Collier's participation in the actions causing the alleged deprivation of Miller's constitutional rights. *See, e.g.*, *Cervantes v. Sanders*, No. 2:98-cv-187, 1998 WL 401628, at *2 (N.D. Tex. July 14, 1998) (finding that there was no personal involvement on the part of the defendant who merely read the plaintiff's letter or grievance); *Gray v. Webb*, No. 5:20CV121, 2023 WL 5517583, at *4 (E.D. Tex. May 2, 2023) ("[W]ardens cannot be expected to intervene personally in response to every inmate complaint or letter they receive.") (citing *Johnson*, 385 F.3d at 526), *R&R adopted by*, 2023 WL 5510297 (E.D. Tex. Aug. 25, 2023);

*Shafer v. Collier*, No. 6:19CV114, 2020 WL 7074606, at *10 (E.D. Tex. Oct. 14, 2020) ("The fact that [the plaintiff] wrote to [the warden] asking for an [offender protection investigation] and did not receive a response does not show a constitutional violation, even assuming the warden received or saw [the plaintiff's] letter."), *R&R adopted by*, 2020 WL 7063671 (E.D. Tex. Dec. 2, 2020). Nor does Miller allege that Collier implemented unconstitutional policies that resulted in his constitutional injuries.

Miller's claims against Collier are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

## IV.     Conclusion

For the reasons stated above, the court orders that the civil action filed by Edward Miller is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk will provide a copy of this order to the plaintiff. The Clerk will also send a copy to the manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov. Final judgment is entered separately.

SIGNED on November 6, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge